Stephen G. Melcer, Hamilton, James, Merkle & Young, Delray Beach, Fla., for defendant.

Daniel L. Bakst, Johnson & Bakst, P. A., West Palm Beach, Fla., for trustee.

Irving Gennet, Boca Raton, Fla., trustee.

**In re STRUCTURAL SPECIALTIES, INC., Debtor.**

**Irving E. GENNET, Trustee, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES, INC., Defendant.**

**Bankruptcy No. 79–01517–BKC–TCB.**
**Adv. No. 81–0212–BKC–JAG–A.**

United States Bankruptcy Court, S. D. Florida.

Nov. 25, 1981.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This matter is before the court on the complaint of Irving E. Gennet, trustee, to determine validity, priority and amount of lien and seeking a final judgment declaring that the trustee's interest in the subject equipment is superior to that of the defendant, International Business Machines, Inc. (C. P. No. 1) and the answer of International Business Machines, Inc. (C. P. No. 3a).

In lieu of trial, the parties have agreed to submit the matter to the court upon their written stipulation of the facts and evidence (C. P. No. 6) and their memoranda of law (C. P. No. 4, C. P. No. 7 and C. P. No. 8). The court adopts by reference and incorporates herein the agreed facts as set forth in the stipulation between the parties (C. P. No. 6). The evidence consists of the exhibit attached to the stipulation as well as the facts set forth therein.

The court must determine whether the exhibit is a true lease wherein the defendant remained the owner of the equipment referred to therein or merely a security device requiring that the defendant perfect its security interest pursuant to the applicable provisions of the Uniform Commercial Code.

The parties apparently agree and the court concurs that the applicable provision of Florida law controlling the outcome of this adversary proceeding is Florida Statute § 671.1–201(37). The parties agree that there are no Florida cases setting forth guidelines for determination in specific cases what agreements are to be interpreted as leases and which are to be interpreted as security devices.

The plaintiff suggests that Florida should adopt a rule whereby the court looks to the intent of the parties rather than to any mathematical formula through which it can be determined that the balance to be paid upon exercise of an option to purchase is substantial rather than nominal and that therefore it is a lease rather than a security agreement. The defendant's position is that the purchase price is substantial ($18,500 if all lease payments had been made and $37,000 if no lease payments had been made) compared with value (presently $29,450; $30,070 at time petition was filed in December, 1979). Since no lease payments have been made the purchase price would be $37,000 which exceeds the purchase price shown in Exhibit No. 1, as well as the present value.

Even applying the plaintiff's theory that we must look to the intent of the parties rather than to a mechanical interpretation of a formula, the court concludes that the agreement in this case was never intended as a security device. The parties do not tell us what rate of interest would be imputed to the payments had they been made if this were a true security device and the court has not made that calculation. However, under the values agreed upon between the parties, it is obvious that it would be unlikely that the lessee would ever exercise the option except in the unlikely event that the equipment made a dramatic increase in value and therefore even under plaintiff's theory, the court concludes that it was not the intention of the parties that this be a purchase with a security interest in the seller at the time the agreement was made.[1] Cer-

tainly the same result is inescapable under the defendant's theory that the purchase price at the end of the lease payments is more than fifty percent of the present value of the equipment.

Therefore the court concludes that the agreement between the parties (Exhibit No. 1 attached to the stipulation) is a true lease with an option to purchase and was not intended as a sale with a security interest retained by the defendant-seller. A separate Final Judgment is being entered as required by Bankruptcy Rule 921(a).

---

1. Even if we were to adopt the plaintiff's theory, there is no equity to the estate in this case since the amount owed would be $37,000 on equipment admittedly now worth only $29,450.